FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BEAU ARAM SMITH,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, OFFICER RICHARD DICKINSON, SGT. MIKE JACKSON and JOHN DOE(S),

    Defendants.

NO: 2:17-CV-0084-SMJ

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

By Order filed May 3, 2017, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 8. Plaintiff had initiated this *pro se* civil rights action while a prisoner at the Airway Heights Corrections Center, and he was granted leave to proceed *in forma pauperis*. ECF No. 6.

Plaintiff subsequently notified the Court of his release from incarceration and residential address in Shoreline, Washington, ECF No. 9. Copies of the Orders

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE – 1**

were mailed to him at the address provided. The Court cautioned that failure to amend as directed would result in dismissal of the complaint. ECF No. 8 at 13. Despite this admonition, Plaintiff has not amended the complaint and he has filed nothing further. It appears that he has chosen to abandon this action.

## DISMISSAL FOR FAILURE TO OBEY A COURT ORDER

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The Court should consider five factors when deciding whether to dismiss a case for failure to obey a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (citations omitted).

The first two factors weigh in favor of dismissal. The need to manage the docket and the public's interests are served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, Plaintiff has simply not yet presented a sufficient case. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff even more time to amend his complaint.

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE – 2**

Plaintiff, however, has already had nearly three months in which to file an amended complaint; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.

On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n. 2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal)).

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Complaint, ECF No. 7, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment of dismissal, forward copies to Plaintiff at his last known address and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 3rd day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge